IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL A. BAILEY, )
      Petitioner, ) Civil Action No. 14-267 Erie
)
v. )
) Magistrate Judge Susan Paradise Baxter
THE ATTORNEY GENERAL )
OF THE STATE OF PENNSYLVANIA, )
      et al., )
      Respondents. )

## **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Michael A. Bailey (the "Petitioner"). For the reasons set forth below, the petition is denied and a certificate of appealability is denied on all claims.

## **I.**

**A.** **Relevant Background**

At the end of June 2010, the Petitioner stole two computers valued at about $500.00 each. He was arrested and charged in the Court of Common Pleas of Erie County at docket CP-25-CR-2676-2010 with two counts of theft by unlawful taking. A little more than a year later, on July 5, 2011, the Petitioner operated, without permission, his neighbor's car. The neighbor reported the car missing and the Petitioner was apprehended and charged in the Court of Common Pleas of Erie County at docket CP-

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

25-CR-2014-2011 with criminal trespass, unauthorized use of a motor vehicle and driving while his operating privilege was suspended or revoked. Commonwealth v. Bailey, No. 1582 & 1583 WDA 2012, slip op. at 1-2 (Pa.Super.Ct. June 20, 2013).

On July 9, 2012, the Petitioner pleaded guilty to the charges at docket CP-25-CR-2014-2011,[2] and on July 19, 2012, he entered pleas of no contest to the charges at docket CP-25-CR-2676-2010. On September 12, 2012, he was sentenced *in absentia* on all charges to an aggregate term of 25-56 months of incarceration. Id. at 2-3.

The Petitioner filed an appeal in each case, which were consolidated before the Superior Court of Pennsylvania. His direct appeal counsel (Tina M. Frying, Esq.) submitted a brief and also requested permission to withdraw from the Petitioner's representation pursuant to Anders v. California, 386 U.S. 738 (1967), noting that, in her professional judgment, there were no non-frivolous issues for review in the case. Bailey, No. 1582 & 1583 WDA 2012, slip op. at 3, 5. Counsel explained that the sole issue before the court was whether the Petitioner's sentence was manifestly excessive and failed to take into account the Petitioner's belief that he would receive a probationary sentence. Id. at 5-6. The Petitioner subsequently filed a *pro se* supplement to his counsel's brief in which he claimed that the plea he entered on July 9, 2012, was to defiant trespass (graded as a misdemeanor 3) and not criminal trespass (graded as a felony 1). Thus, he "argue[d] that the 'sentence order is illegal and inaccurate and not applicable.'" Id. at 5 n.4 (quoting the Petitioner's *pro se* Response at 1).

---

[2] The transcript for that plea proceeding establishes that count three, which charged the Petitioner with the offense of trespass, was "amended from a felony of the third degree to a misdemeanor of the third degree." 7/9/12 Hr'g Tr. at 10. See also id. at 9.

2

On July 20, 2013, the Superior Court issued a Memorandum in which it affirmed the Petitioner's judgment of sentence and granted appellate counsel's petition to withdraw. It explained that the Petitioner was challenging the discretionary aspects of the sentence imposed by the trial court and its standard or review was one of abuse of discretion. Id. at 6. The Superior Court determined that the Petitioner's challenge to his sentence had no merit,[3] explaining:

> The record reflects that the trial judge was mindful of the sentencing guidelines, the presentence report, the facts and circumstances of the crime, [the Petitioner's] previous criminal history, his mental health problems and his need for stabilization. In addition, the record reflects the court's consideration of "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721. The terms of the sentence clearly rested within the discretionary power afforded to the trial court and, on this record, there would be no basis for the Court to conclude that the sentence was "clearly unreasonable." Moreover, we note that where, as here, "the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighted those considerations along with mitigating statutory factors." Commonwealth v. Ventura, 975 A.2d 1128, 1135 (Pa. Super. 2009). See also Commonwealth v. Fowler, 893 A.2d 758, 767 (Pa. Super. 2006) (stating that "[t]he sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors"). Lastly, [the Petitioner's] assertion that he thought he would receive probation rather than the sentence imposed is not supported by the certified record on appeal. Review of [the Petitioner's] plea and sentencing transcript do not support such a contention, and [the Petitioner] does not point us to any other documentation wherein any such promise or suggestion of leniency of sentence is extended.

Id. at 12-13 (footnote omitted).

---

[3] The Superior Court in the alternative determined that the claim was waived because the Petitioner failed to preserve it during the sentencing hearing or in a timely motion to reconsider sentence. Bailey, No. 1582 & 1583 WDA 2012, slip op. at 7-9.

The Superior Court next turned to the claim the Petitioner raised in his *pro se* response. It denied that claim as well, holding:

> [The Petitioner] claims that while he was charged with criminal trespass graded as a felony of the first degree, he pled guilty to the lesser charge of deviant trespass which is a misdemeanor three. However, he maintains that nonetheless he was sentenced on criminal trespass as a felony one. The sentencing transcript as well as [the Petitioner's] official sentencing order refute this claim. [The Petitioner] was clearly sentenced pursuant to 18 Pa.C.S. § 3503(b)(1)(i), entitled "Defiant Trespasser" which is a subcategory of "Criminal Trespass" and is graded as a misdemeanor three, pursuant to 18 Pa.C.S. § 3503(b)(2). Accordingly, [the Petitioner's] claim is devoid of merit.

Id. at 13.

The Petitioner next filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied on February 26, 2014. The Petitioner's judgments of sentences became final on or around May 27, 2014,[4] upon expiration of the time to file a petition for writ of certiorari with the United States Supreme Court. Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (same).

On or around June 19, 2014, the Petitioner filed a timely *pro se* petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.Cons.Stat.Ann. § 9541 *et seq.* The PCRA court appointed William J. Hathaway, Esquire, to represent him. Hathaway subsequently filed a petition for leave to withdraw as counsel and an accompanying "no-merit" letter pursuant to Commonwealth v.

---

[4] In their answer, the Respondents contend, *inter alia*, that the Petitioner's claims are untimely under the applicable statute of limitations, which is codified at 28 U.S.C. § 2244(d). That statute requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A). The Respondents calculate the statute of limitations using the wrong trigger date. They contend that the Petitioner's judgments of sentences became final on July 20, 2013. As set forth above, however, his judgments of sentences became final or around May 27, 2014, and, therefore, the Respondents are wrong in their assertion that the Petitioner's claims are untimely.

4

Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. 1988) in which he explained that, in his professional judgment, the Petitioner failed to state a colorable claim for PCRA relief.

In August 2014, the PCRA court issued a notice of intent to dismiss the petition and granted Hathaway's motion for leave to withdraw, and then on September 5, 2014, it issued an order in which it denied the Petitioner's PCRA petition. The Petitioner filed a *pro se* appeal with the Superior Court, which was docketed at 1672 WDA 2014. However, on or around November 26, 2014, he filed a motion for an application to withdraw the appeal, which the Superior Court granted on December 5, 2014.

Thereafter, the Petitioner filed with this Court his petition for a writ of habeas corpus [ECF No. 2] and brief in support [ECF No. 3].[5] He filed his petition pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under § 2254, which is the federal habeas statute applicable to state prisoners, "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Petitioner raises numerous claims for relief. To summarize, he argues that both his trial counsel and his direct appeal counsel were ineffective. He also contends that the trial court abused its discretion when it sentenced him and imposed an excessive sentence, that the terms of his plea deal were

---

[5] The Petitioner refiled his petition and brief at ECF Nos. 7 and 8, respectively. Those documents are identical in all relevant respects to the petition and brief he previously filed with the Court as ECF Nos. 2 and 3.

5

breached, that his guilty plea was unlawfully induced, and that the trial court committed additional errors.

The Respondents filed an answer [ECF No. 11] and certain state court records. The Petitioner did not file a reply. LCvR2254(E)(2) ("the petitioner may file a Reply … within 30 days of the date the respondent files its Answer.").

## B.     Legal Analysis

The Petitioner is not entitled to relief on any of his claims.[6] Some of his claims are not cognizable in a federal habeas action because they raise purely state law issues and errors of state law are not cognizable in under 28 U.S.C. § 2254. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). For

---

[6]    To the extent that the Petitioner contends that his PCRA counsel, Attorney Hathaway, was ineffective, that claim is denied. The Petitioner did not have a federal constitutional right to counsel during his PCRA proceeding, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), and, for that reason, cannot receive habeas relief on a claim that his PCRA counsel was ineffective. 28 U.S.C. § 2254(i) ("[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254."). See also Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."). Moreover, it must be pointed that since Attorney Hathaway filed a Finley/Turner no merit letter and was permitted to withdraw as the Petitioner's counsel, the Petitioner proceeded *pro se* in his PCRA appeal. He cannot blame Hathaway for the fact that his PCRA litigation was unsuccessful, or that the Petitioner decided himself to voluntarily withdraw his appeal to the Superior Court.

To the extent that the Petitioner complains of alleged errors made during the PCRA proceeding, those claims are not cognizable because, as the United States Court of Appeals for the Third Circuit has explained:

> The federal courts are authorized to provide collateral relief where a petitioner is in state custody or under a federal sentence imposed in violation of the Constitution or the laws or treaties of the United States.
> 28 U.S.C. §§ 2254, 2255. *Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation*.

Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) (internal citations omitted) (emphasis added); see also Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) ("[A]lleged errors in collateral proceedings are not a proper basis for habeas relief from the original conviction.").

example, the Petitioner repeatedly argues that the trial court imposed an excessive sentence or otherwise erred when it sentenced him, but sentencing is a matter of state criminal procedure that does not fall within the purview of federal habeas review. See, e.g., Chapman v. United States, 500 U.S. 453, 465 (1991); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984). Thus, unless an issue of constitutional dimension is implicated in a sentencing argument, see, e.g., 3 Charles A. Wright, et al., Federal Practice and Procedure: Crim. § 550, Constitutional Limits on the Sentencing Decision, available on WestlawNext (4th ed. last updated Apr. 2016), this Court is without power to grant habeas relief. Because the Petitioner's challenge to the sentences the trial court imposed does not raise an issue that implicates his federal constitutional rights, it must be denied because it is not cognizable.

In addition, all of the Petitioner's claims aside from the two claims that were reviewed on direct appeal by the Superior Court in its June 20, 2013, Memorandum, must be denied because the Petitioner failed to exhaust them and, as a result, they are procedurally defaulted. A federal habeas court may not grant a state prisoner's petition for a writ of habeas corpus unless he has first presented his federal constitutional claims to the state courts. 28 U.S.C. § 2254(b)(1)(A). The "exhaustion" requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman, 501 U.S. at 731. See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999).[7] Importantly, in order to exhaust a claim,

---

[7] The exhaustion doctrine became all the more important after the enactment of AEDPA, which, as discussed *infra*, put into place highly deferential standards of review that a federal court must apply to a state court's adjudication of a petitioner's federal constitutional claims and to its findings of fact. 28 U.S.C. § 2254(d) & 2254(e). If the petitioner failed to provide the state court with the opportunity to review his claim on the merits, he is not entitled to *de novo* review in his federal habeas proceeding. Rather, for the reasons set forth below, the claim is unreviewable in federal court (unless he can
*Footnote continued on next page*

"state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round of the State's established appellate review process*." O'Sullivan, 526 U.S. at 845 (emphasis added). In Pennsylvania, this requirement means that a petitioner in a non-capital case *must have presented every federal constitutional claim raised in his habeas petition to the Superior Court of Pennsylvania either on direct or PCRA appeal*. See, e.g., Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

The Petitioner carries the burden of proving he exhausted his state court remedies with respect to his claims. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). He cannot meet that burden with respect to any claim except for the two claims that the Superior Court reviewed in his direct appeal and, as a result, all of his claims aside from those two claims are procedurally defaulted. Like the exhaustion doctrine, the "procedural default" doctrine is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it provides that a federal habeas claim may not be addressed by the federal court if the petitioner either: (a) failed to present it to the state court and the state court would now decline to address it on the merits because state procedural rules bar such consideration; or (b) failed to comply with a state procedural rule when he presented the claim to the state court, and for that reason the state court declined to address the federal claim on the merits. See, e.g., Edwards v. Carpenter, 529 U.S. 446, 451 (2000); O'Sullivan v. Boerckel, 526 U.S. 838, 851-56 (1999) (Stevens, J. dissenting) (describing the history of the procedural default doctrine); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines v. Larkins, 208 F.3d 153, 162-69 (3d Cir. 2000).

---

overcome his default) and, when there is no longer any available mechanism for the petitioner to exhaust the claim in state court, it is procedurally defaulted.

8

A petitioner who has defaulted a federal habeas claim can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "*external to the defense*" impeded efforts to comply with the state's procedural rule, and "actual prejudice." See, e.g., Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).[8] An attorney's misconduct that is so severe that it fell below the constitutional standards of effective assistance of counsel as set forth in Strickland v. Washington, 466 U.S. 668 (1984) can establish "cause," but before a petitioner may rely upon it he typically must have first exhausted that claim of ineffective assistance with the state court. As the United States Supreme Court has explained:

> [W]e think that the exhaustion doctrine, which is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings," Rose v. Lundy, 455 U.S. 509, 518 (1982), *generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.* . . . [I]f a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available. The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," Darr v. Burford, 339 U.S. 200, 204 (1950), and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

---

[8] A petitioner may also overcome a procedural default of a claim if he can demonstrate a "miscarriage of justice." This means that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). Where the petitioner pleaded guilty, he also must establish his actual innocence not only of the count to which he pleaded guilty, but also the other charges the government excused in the plea bargaining process. Bousley v. United States, 523 U.S. 614, 623-24 (1998). The "miscarriage of justice" exception only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schulp, 513 U.S. at 316. There is no question that this is not the type of extraordinary case in which the Petitioner can overcome the default of his claims by way of the miscarriage of justice exception.

9

Murray, 477 U.S. at 488-89 (emphasis added, parallel citations omitted).

To the extent that the Petitioner relies on his direct appeal counsel's ineffectiveness[9] for failing to raise any claim, that allegation is rejected because he did not litigate claims of ineffective assistance of direct appeal counsel to the Superior Court in his PCRA proceeding, where such claims must be litigated. To the extent that the Petitioner blames Attorney Hathaway, his court-appointed PCRA counsel, for failing to raise any claim, that argument likewise has no merit. In Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012), the Supreme Court held that in states like Pennsylvania, where state law requires that claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding (such as the PCRA), a petitioner may be able to establish "cause" sufficient to overcome a procedural default of "a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective [under the standards of Strickland]." 132 S.Ct. at 1320.[10] Martinez does not provide the Petitioner with an avenue to establish "cause" for the default of any of his claims. Hathaway was charged with exercising his professional judgment in deciding whether the Petitioner had any colorable claim for PCRA relief. He also had an obligation under Rule 3.1 of Pennsylvania's Rules of Professional Conduct not to raise frivolous claims. See, e.g., Commonwealth v. Chmiel, 30 A.3d 1111, 1190-91 (Pa. 2011). But even more importantly, Hathaway was permitted to withdraw as his PCRA attorney and, therefore, the failure

---

[9] The Fourteenth Amendment guarantees a criminal defendant pursuing a first appeal as of right certain "minimum safeguards necessary to make that appeal 'adequate and effective,'" Evitts v. Lucey, 469 U.S. 387, 392 (1985) (quoting Griffin v. Illinois, 351 U.S. 12, 20 (1956)), including the right to the effective assistance of counsel, id. at 396.

[10] The Supreme Court based its decision on what it determined to be an equitable right to seek relief from a procedural default in a federal habeas matter. It did not hold that a petitioner has a constitutional right to counsel in initial-review collateral proceedings such as the PCRA. Martinez, 132 S.Ct. at 1313-21.

10

to litigate his claims in the appeal to the Superior Court when his case was on PCRA appeal is attributable solely to the Petitioner since he was acting *pro se*.

Finally, for the reasons set forth above, the only claims that the Petitioner could possibly present to this Court that are not procedurally defaulted are the two claims the Superior Court adjudicated in his direct appeal. This Court has already explained that one of those claims – the one in which the Petitioner contends that the trial court abused its discretion and imposed an excessive sentence – is not cognizable under 28 U.S.C. § 2254 because it raises only a state law issue. That leaves the Petitioner's claim in which he alleges that he pleaded guilty to the lesser charge of deviant trespass, but the trial court nonetheless sentenced him on criminal trespass. To the extent that that claim implicates the Petitioner's federal constitutional rights, it is denied because the Superior Court adjudicated it on the merits and its decision withstands the applicable standard of review, which was enacted by AEDPA and which with provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The test for § 2254(d)(1)'s 'contrary to' clause is whether the state court decision 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different

11

result.'" Rountree v. Balicki, 640 F.3d 530, 537 (3d Cir. 2011) (quoting Brown v. Payton, 544 U.S. 133, 141 (2005), which cited Williams v. Taylor, 529 U.S. 362, 405 (2000) and Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)). Few adjudications by state courts fall within § 2254(d)(1)'s "contrary to" clause.

Most state court's adjudications must be evaluated under § 2254(d)(1)'s "unreasonable application" clause. A state court decision is an "unreasonable application of federal law" if the state court "identifies the correct governing legal principle," Williams, 429 U.S. at 413, but "'unreasonably applies that principle to the facts of the prisoner's case.'" Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (quoting Williams, 529 U.S. at 413). The Supreme Court advised:

> It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. See [Lockyer v. Andrade, 538 U.S. 63, 75 (2003)].
>
> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Cf. Felker v. Turpin, 518 U.S. 651, 664 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.... As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

Harrington, 562 U.S. at 102-03 (parallel citations omitted) (emphasis added).

Finally, the test for § 2254(d)(2)'s "unreasonable determination of facts" clause:

> is whether the petitioner has demonstrated by "clear and convincing evidence," § 2254(e)(1), that the state court's determination of the facts was unreasonable in light of the record. See Rice v. Collins, 546 U.S. 333, 338-339 (2006) ("State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'") (quoting § 2254(e)(1)) (citing Miller-El v. Dretke, 545 U.S. 231, 240 (2005)); see also Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009) ("Under the § 2254 standard, a district court is bound to presume that the

12

state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence."). Importantly, the evidence against which a federal court measures the reasonableness of the state court's factual findings is the record evidence at the time of the state court's adjudication. Cullen v. Pinholster, — U.S. — [ ], 131 S. Ct. 1388, 1401-03 (2011).

Rountree, 640 F.3d at 537-38 (parallel citations omitted).

The Court cannot conclude that the Superior Court's decision to deny the claim at issue was "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Because the Petitioner has not overcome AEDPA's standard of review, this claim must also be denied.

## C. **Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. As codified at 28 U.S.C. § 2253, it provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not

find it debatable whether each of the Petitioner's claims should be denied. Accordingly, a certificate of appealability is denied.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is denied and a certificate of appealability is denied on all claims.

An appropriate Order follows.

Dated: November 2, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. BAILEY,<br>    Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL<br>OF THE STATE OF PENNSYLVANIA,<br>                     et al.,<br>    Respondents. | Civil Action No. 14-267 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## **ORDER**

AND NOW, this 2nd day of November, 2016, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED and a certificate of appealability is DENIED as to all claims. The Clerk of Court shall mark this case CLOSED.

                                       /s/ Susan Paradise Baxter
                                       SUSAN PARADISE BAXTER
                                       United States Magistrate Judge

cc:    Notice by ECF to counsel of record and by U.S. mail the Petitioner at his address of record[11]

---

[11] At the beginning of this litigation, the Court issued an order [ECF No. 5] in which it advised the Petitioner that he is under a continuing obligation to notify the Court of any change of address.